UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF ASSOCIATED
FEDERAL PILOTS & DOCKING
MASTERS OF LOUISIANA, LLC, ET
AL.

CIVIL ACTION

NO: 25-2368

SECTION: "A" (5)

## ORDER

The following motions are before the Court: **Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Increase Limitation Fund (Rec. Doc. 11)** and **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 21)**, both filed by Carolyn Creppel, Darrin Creppel, Quinton Creppel, and Mindy Creppel, who are the heirs to decedent Tilman Creppel (collectively referred to as "the Heirs").

The first motion is opposed by the petitioners in limitation, Associated Federal Pilots and Docking Masters of Louisiana, LLC., Federal Pilots, Inc., and Associated Federal Coast Pilots of Louisiana, Inc. (collectively referred to as "the Limitation Petitioners").

The second motion is opposed by the intervenor parties, those Certain Underwriters at Lloyd's, London, Tenecom Ltd., and The Ocean Marine Insurance Company Limited, each subscribing severally, but not jointly, to policies of insurance identified by cover note Nos. LCX-5-1184, LCX-6-1537, and LCX-10186 issued by Underwriters Marine Services, Inc., and Century Indemnity Company (collectively referred to as "the Intervenors").

1

The motions, submitted for consideration on March 4, 2026, are before the Court on the briefs without oral argument.

Mr. Tilman Creppel, Jr. died on December 3, 2025, due to mesothelioma. Prior to his death Mr. Tilman filed a lawsuit in state court alleging exposure to asbestos caused by a number of defendants. During the course of that litigation, Mr. Tilman, who had worked as a boat captain on river-pilot crew vessels, amended his petition to assert claims under the Jones Act and general maritime law against Federal Pilots and Docking Masters of Louisiana, LLC. Discovery later revealed that the two vessels owned by that defendant that Mr. Creppel had worked aboard (from 1985 to 1992) were the M/V FEDERAL PILOT I and the M/V FEDERAL PILOT III. The Limitation Petitioners invoked this limitation proceeding and stipulated to a post-accident value for the two vessels of $85,000.00 and $75,000.00, respectively, (totaling $160,000.00). (Rec .Doc. 4, Order).

The Intervenors, who issued policies to the Limitation Petitioners, subsequently sought leave to intervene in the limitation proceeding to obtain declaratory relief as to extent of coverage.

**In the first motion,** the Heirs first sought to challenge the applicability of the Limitation Act given that the evidence suggests that Mr. Creppel served on vessels in inland waters only. After the Limitation Petitioners filed their opposition, the Heirs withdrew this challenge.[1]

---

[1] The Court commends counsel for their candor in conceding that the argument was based on an error of law.

The Heirs maintain, however, that the limitation fund, which currently stands at $160,000, should be increased pursuant to the flotilla doctrine because the Limitation Petitioners owned and operated other vessels in a single enterprise, even if Mr. Creppel did not work aboard those other vessels.

The flotilla doctrine provides a substantive avenue for claimants to challenge a vessel owner's attempt to limit its liability by allowing them to assert that the value of the limitation fund supplied by the vessel owner is insufficient because it does not cover the value of all the vessels engaged in an enterprise. *In re Bd. of Commissioners*, 575 F. Supp. 3d 669, 673 (E.D. La. 2021) (citing *Cenac Towing Co. v. Terra Res., Inc.*, 734 F.2d 251, 254 (5th Cir. 1984)). The flotilla doctrine requires a limitation fund to include the value of all vessels engaged in an enterprise when the vessels are: 1) owned by the same person, 2) under a single command, and 3) engaged in a common enterprise. *Id.* at 674 (citing *Foret v. Trans. Offshore (USA), Inc.*, No. 09-4567, 2011 WL 3818635, at *4 (E.D. La. Aug. 29, 2011)).

At most the Heirs can show that the Limitation Petitioners owned other vessels that performed similar transport work to the two vessels that Mr. Creppel worked on. This alone is insufficient to apply the flotilla doctrine to increase the limitation fund. The Heirs' motion to do so is therefore denied.

**In the second motion,** the Heirs move the Court to dismiss the Intervenors' complaint arguing that interpretation of the policy(ies) at issue does not fall within the Court's admiralty jurisdiction, and that underwriters have no right of limitation under the Limitation Act.

3

The Intervenors are not asserting claims under the Limitation Act itself. The relief they seek, which is to limit their exposure to that allowed to their insured under the Limitation Act, is determined by the terms of their policies. The Intervenors are essentially seeking declaratory relief on coverage which is fine so long as the Court has subject matter jurisdiction. The Declaratory Judgment Act itself confers no subject matter jurisdiction.[2]

On that note, the Intervenors have no <u>right</u> to seek relief as part of this limitation proceeding, their assertions to the contrary notwithstanding. Therefore, they cannot piggy back on the admiralty jurisdiction that the Limitation Petitioners enjoy and escape jurisdictional scrutiny by simply intervening in this matter. The Intervenors must establish subject matter jurisdiction over their claims just the same as if they had filed a separate declaratory judgment action in federal court.[3]

---

[2] In their Reply (Rec. Doc. 30) the Heirs argue that the restraining order that this Court issued in favor of the Limitation Petitioners and their insurers should not extend to certain additional insurers who the Heirs do not identify by name. The restraining order correctly states to whom it applies. This Court has no control over the state court's implementation of the restraining order. If it has been applied too broadly then the Court would suggest that the Heirs takes up that issue with the state court judge presiding over their case.

[3] The Court also notes that the Intervenors filed a waiver of service executed by Ameron International Corp. (Rec. Doc. 20), which is not a party to the limitation proceeding. The Court's Case Manager contacted counsel for the Intervenors to question the filing given that Ameron is not a party to the case. Counsel advised that since Ameron had been a defendant in the state court lawsuit filed by the Creppels, Intervenors decided to serve Ameron with the intervention complaint in case Ameron wanted to respond to it. Intervenors cannot confer standing to non-parties to participate in this lawsuit by unilaterally deciding to serve them with pleadings. And Intervenors certainly cannot bring Ameron into the case as a party by unilaterally choosing to serve a summons on the entity. The federal rules do not allow for participation by interlopers so absent an appropriate procedural mechanism that would allow Ameron to become a party to this case, the Court will not entertain a response to the intervention complaint by Ameron.

4

The Court is persuaded that the Intervenors have not properly alleged subject matter jurisdiction. The Intervenors accuse the Heirs' subject matter jurisdiction challenge as being "nonsensical," (Rec. Doc. 26, Opposition at 1), but the intervention complaint does not properly allege a basis for admiralty jurisdiction. The complaint does not even expressly allege that the policies at issue are maritime contracts. It is not enough that a ship or vessel was involved or that the policy may cover some marine risks. *See St. Paul Fire & Marine Ins. Co. v. Bd. of Commissioners of Port of New Orleans*, 418 Fed. Appx. 305 (5th Cir. 2011). The Heirs do not have the burden of negating subject matter jurisdiction. It is solely the Intervenors' burden to establish it. The appropriate course of action is to allow the Intervenors to move to amend their complaint in order to properly and adequately allege subject matter jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Increase Limitation Fund (Rec. Doc. 11)** filed by Carolyn Creppel, Darrin Creppel, Quinton Creppel, and Mindy Creppel, the heirs to decedent Tilman Creppel, is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 21)** filed by Carolyn Creppel, Darrin Creppel, Quinton Creppel, and Mindy Creppel, the heirs to decedent Tilman Creppel, is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that by **March 31, 2026**, the Intervenors must move to amend their complaint to properly invoke subject matter jurisdiction in federal court.

5

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Record Document no. 20 from the record (see footnote 3 above).

March 13, 2026

_____
Judge Jay C. Zainey
United States District Court